| | |
|---|---|
| Junta de Residentes Urb. Rincón Español<br><br>Recurrida<br><br>v.<br><br>Geralda Cruz Meléndez, Edwin Martínez, Héctor Pagán Maldonado, Roger Frías Berríos, Fernando Sosa, Vivian Rodríguez<br><br>Peticionarios | |
| Junta de Residentes Urb. Rincón Español<br><br>Recurrida<br><br>v.<br><br>Humberto J. Lora Mercedes<br><br>Peticionario | Certiorari<br><br>2019 TSPR 123<br><br>202 DPR ____ |
| Junta de Residentes Urb. Rincón Español<br><br>Recurrida<br><br>v.<br><br>Perla de la Cruz Santos, José Collazo Maestre, Belcky Cuevas Avilés, Luis Soler Fernández, Jenny Rivera Colón, Nilsa Gracia Santiago, Laura Aherán Torres, Miguel Hermidia Durán, Reymond Suárez<br><br>Peticionarios | |
| Junta de Residentes Urb. Rincón Español<br><br>Peticionaria<br><br>v.<br><br>Ivonne Angulo Rodríguez<br><br>Recurrida | |

Número del Caso: AC-2019-0046

Cons. con

AC-2019-0047
AC-2019-0048
AC-2019-0049
AC-2019-0050
AC-2019-0051
AC-2019-0052
AC-2019-0053
AC-2019-0054
AC-2019-0055
AC-2019-0056
AC-2019-0057
AC-2019-0058
AC-2019-0059
AC-2019-0060
CC-2019-0364
CC-2019-0371

Fecha: 14 de junio de 2019

Tribunal de Apelaciones:

Región Judicial de Carolina

Abogados de la parte peticionaria:

Lcdo. Raúl Colón Bermúdez
Lcdo. Christian M. Rodríguez Torres
Lcdo. Xavier Osvaldo Nieves Cabrera

Abogado de la parte recurrida:

Lcdo. Michael Corona Muñoz

Materia: Resolución con Voto particular de conformidad.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO
Sala I

| | |
|---|---|
| Junta de Residentes Urb. Rincón Español<br><br>Recurrida<br><br>v.<br><br>Geralda Cruz Meléndez, Edwin Martínez, Héctor Pagán Maldonado, Roger Frías Berríos, Fernando Sosa, Vivian Rodríguez<br><br>Peticionarios | AC-2019-0046<br><br>Cons. con<br><br>AC-2019-0047<br>AC-2019-0048<br>AC-2019-0049<br>AC-2019-0050<br>AC-2019-0051<br>AC-2019-0052<br>AC-2019-0053<br>AC-2019-0054<br>AC-2019-0055<br>AC-2019-0056<br>AC-2019-0057<br>AC-2019-0058<br>AC-2019-0059<br>AC-2019-0060<br>CC-2019-0364<br>CC-2019-0371 |
| Junta de Residentes Urb. Rincón Español<br><br>Recurrida<br><br>v.<br><br>Humberto J. Lora Mercedes<br><br>Peticionario | |
| Junta de Residentes Urb. Rincón Español<br><br>Recurrida<br><br>v.<br><br>Perla de la Cruz Santos, José Collazo Maestre, Belcky Cuevas Avilés, Luis Soler Fernández, Jenny Rivera Colón, Nilsa Gracia Santiago, Laura Aherán Torres, Miguel Hermidia Durán, Reymond Suárez<br><br>Peticionarios | |
| Junta de Residentes Urb. Rincón Español<br><br>Peticionaria<br><br>v.<br><br>Ivonne Angulo Rodríguez<br><br>Recurrida | |

Sala de Despacho integrada por la Jueza Presidenta Oronoz Rodríguez, la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Feliberti Cintrón

RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de junio de 2019.

Examinados los recursos de epígrafe, se ordena su consolidación.

Atendidas las solicitudes de *Apelación* que presentaron Geralda Cruz Meléndez y otros (AC-2019-0046), Héctor Pagán Maldonado y otros (AC-2019-0047), Roger Frías Berríos y otros (AC-2019-0048), Edwin Martínez y otros (AC-2019-0049), Vivian Rodríguez y otros (AC-2019-0050), Fernando Sosa y otros (AC-2019-0051), Perla de la Cruz Santos y otros (AC-2019-0052), José Collazo Maestre y otros (AC-2019-0053), Belcky Cuevas Avilés y otros (AC-2019-0054), Luis Soler Fernández y otros (AC-2019-0055), Nilsa Gracia Santiago y otros (AC-2019-0056), Jenny Rivera Colón y otros (AC-2019-0057), Laura Aherán Torres y otros (AC-2019-0058), Miguel Hermidia Durán y otros (AC-2019-0059), Reymond Suárez y otros (AC-2019-0060), **se acogen como *certiorari*, y se declaran sin lugar**.

Respecto a los recursos de *certiorari* que presentaron la Junta de Residentes Urb. Rincón Español (CC-2019-0364) y Humberto J. Lora Mercedes (CC-2019-0371), se provee no ha lugar a ambos.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez emitió un Voto Particular de Conformidad al cual se unieron la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Feliberti Cintrón.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO
Sala I

| | |
|---|---|
| Junta de Residentes Urb. Rincón Español<br><br>Recurrida<br><br>v.<br><br>Geralda Cruz Meléndez, Edwin Martínez, Héctor Pagán Maldonado, Roger Frías Berríos, Fernando Sosa, Vivian Rodríguez<br><br>Peticionarios | AC-2019-0046<br><br>Cons. con<br><br>AC-2019-0047<br>AC-2019-0048<br>AC-2019-0049<br>AC-2019-0050<br>AC-2019-0051<br>AC-2019-0052<br>AC-2019-0053<br>AC-2019-0054<br>AC-2019-0055<br>AC-2019-0056<br>AC-2019-0057<br>AC-2019-0058<br>AC-2019-0059<br>AC-2019-0060<br>CC-2019-0364<br>CC-2019-0371 |
| Junta de Residentes Urb. Rincón Español<br><br>Recurrida<br><br>v.<br><br>Humberto J. Lora Mercedes<br><br>Peticionario | |
| Junta de Residentes Urb. Rincón Español<br><br>Recurrida<br><br>v.<br><br>Perla de la Cruz Santos, José Collazo Maestre, Belcky Cuevas Avilés, Luis Soler Fernández, Jenny Rivera Colón, Nilsa Gracia Santiago, Laura Aherán Torres, Miguel Hermidia Durán, Reymond Suárez<br><br>Peticionarios | |
| Junta de Residentes Urb. Rincón Español<br><br>Peticionaria<br><br>v.<br><br>Ivonne Angulo Rodríguez<br><br>Recurrida | |

Voto Particular de Conformidad que emitió la Jueza Presidenta Oronoz Rodríguez al cual se unen la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Feliberti Cintrón.


En San Juan, Puerto Rico, a 14 de junio de 2019.

Estoy conforme con consolidar los recursos de referencia y denegarlos. No obstante, entiendo necesario expresarme en cuanto al tracto procesal de los casos ante nuestra consideración en los foros recurridos.

En síntesis, el Tribunal de Primera Instancia consolidó sobre una veintena de casos de cobro de dinero y, consecuentemente, celebró un solo juicio. No obstante, emitió sentencias independientes para cada caso. Estas solo se distinguían entre sí por los nombres de los demandados, las cuantías adeudadas y el periodo de atraso.

Aunque reconozco que el foro primario tiene discreción respecto al manejo de sus casos, en esta ocasión la mejor práctica hubiese sido emitir una sola sentencia. Al hacer lo contrario, el foro primario multiplicó dramáticamente el costo que los apelantes tienen que asumir en aranceles y copias al solicitar revisión de su determinación (cuatro en total para cada recurso y su apéndice). Ello representa un ejercicio inadecuado de su discreción y constituye una mala utilización de los recursos de los litigantes y del sistema de Tribunales. Además, ese manejo procesal

encarece y dificulta el acceso de las partes al Tribunal de Apelaciones.

En lo pertinente, quince (15) demandados recurrieron de las sentencias independientes que emitió el foro primario mediante la presentación de dos recursos de apelación. El Tribunal de Apelaciones los desestimó por entender que las partes debieron presentar recursos separados y pagar aranceles independientes. Ello, a pesar de que tanto las sentencias recurridas como los recursos presentados eran esencialmente idénticos y surgían de un solo juicio.

Ante esta situación particular, el foro apelativo intermedio debió manejar la presentación del número reducido de recursos apelativos de una forma más práctica y eficiente para todas las partes. Recordamos que el Reglamento del Tribunal de Apelaciones establece los siguientes objetivos:

> (1) Ofrecer acceso fácil, económico y efectivo al tribunal, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos.
> (2) Promover la efectiva, rápida y uniforme adjudicación de casos complejos, procedimientos especiales o asuntos que ameriten atención particular.
> (3) Implantar el principio rector de que las controversias judiciales se atiendan en los méritos y no se desestimen los recursos por defectos de forma o de notificación que no afecten los derechos de las partes.
> (4) (…)
> (5) Establecer mecanismos y sistemas eficientes para la clasificación de recursos, el movimiento de los casos y el término de su resolución. Regla 2, 4 LPRA Ap. XXII-B, R. 2.

A tono con lo anterior, el Tribunal de Apelaciones pudo haber aceptado los recursos tal como se presentaron o, como mínimo, brindar una oportunidad a los apelantes para presentar el total de los aranceles correspondientes.

Aunque el Reglamento del Tribunal de Apelaciones permite la presentación de apelaciones conjuntas cuando se recurre de una misma sentencia, en este caso muy particular, pudo haber considerado los dictámenes recurridos como uno solo, apelables mediante un recurso. Las apelaciones que desestimó el foro apelativo intermedio contienen los mismos señalamientos de error y la misma exposición de hechos y discusión del derecho. En síntesis, ante múltiples sentencias del foro primario en casos consolidados que se juzgaron simultáneamente, se resolvieron de igual forma y cuya apelación se sostiene en los mismos fundamentos de derecho, el Tribunal de Apelaciones no debió desestimarlos por los fundamentos que esbozó.

Los tribunales deben procurar el uso eficiente de los recursos, un manejo adecuado de los procedimientos y que los casos se ventilen en los méritos. No deben utilizar la discreción que se les reconoce para dificultar innecesariamente los procesos. Tampoco deben atender asuntos procesales mediante interpretaciones rígidas que afecten la consecución de la justicia.

Expuesto lo anterior, aclaro que estoy conforme con denegar los recursos por fundamentos que no están relacionados al manejo procesal de este caso por parte del Tribunal de Apelaciones y del Tribunal de Primera Instancia.


                              Maite D. Oronoz Rodríguez
                                  Jueza Presidenta